```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

        vs.                     *   CRIMINAL NO. MJG-92-0154

JAMES ROGERS                    *

*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER RE: § 3582(c) MOTION

The Court has before it Defendant's Pro Se Motion For Reduction Of Sentence Pursuant to 18 U.S.C. § 3582(c)(2); United States Sentencing Guidelines § 1B1.10 Retroactive Amendment 782 "All Drugs Minus Two" [ECF No. 470] and the materials submitted relating thereto. The Court finds no need for a hearing.

The Defendant was convicted of conspiracy to distribute heroin and other charges. In the Memorandum of Decision Regarding Guideline Issues [ECF No. 342] filed December 22, 1993, the Court determined that the Defendant's Offense Level was 42. His Criminal History Category was V, yielding a Guideline sentencing range of 360 months to life. On April 26, 1994, the Defendant was sentenced to life imprisonment.

The instant motion is based upon 18 U.S.C. § 3582(c)(2) that provides, in relevant part:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment . . . if such a reduction is

>  consistent with applicable policy statements
>  issued by the Sentencing Commission.

Guidelines Amendment 782 amended U.S.S.G. § 2D1.1 to adjust the Drug Quantity table downward by two Offense Levels. That is, an Offense Level that had been determined prior to the amendment based upon a quantity of drugs would be reduced by two levels so that there could be a reduced sentence if certain conditions were met.

The Defendant's Offense Level was determined by utilizing a base Offense Level of 36 pursuant to the Drug Quantity Table. If the Defendant's Offense Level is reduced by two levels pursuant to Amendment 782, the result would be Offense Level 40. With Criminal History Category V, the Guidelines sentencing range would still be 360 months to life.

The Guidelines state that a sentence reduction is not consistent with Sentencing Commission policy if an Amendment does not have the effect of lowering the Defendant's applicable Guidelines range. U.S.S.G. § 1B1.10(a)(20)(B). Therefore, the § 3582(c) motion must be denied.

Finally, the Court notes that it has appointed the Federal Public Defender to ascertain if there is any legal authority by which the Court could reduce the Defendant's sentence. The Federal Public Defender has advised the Court by letter of January 31, 2017 [ECF

No. 495] that no such authority has been found but will notify the Court promptly if the situation should change.

For the foregoing reasons:

1. Defendant's Pro Se Motion For Reduction Of Sentence Pursuant to 18 U.S.C. § 3582(c)(2); United States Sentencing Guidelines § 1B1.10 Retroactive Amendment 782 "All Drugs Minus Two" [ECF No. 470] is DENIED.

2. This action is without prejudice to the ability of Defendant to seek a reduction of his sentence should there be, at any time, legal authority permitting consideration of a sentence reduction.

SO ORDERED, this Wednesday, February 01, 2017.

/s/
Marvin J. Garbis
United States District Judge