IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | Criminal Action No. RDB-92-0154 |
| JAMES ROGERS, | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In 1993, Defendant James Rogers ("Rogers") was convicted by a jury of conspiracy to distribute a kilogram or more of heroin, as well as distribution and possession with intent to distribute 100 grams or more of heroin. (Verdict Form, ECF No. 516-3.) At the time Rogers was sentenced, the Federal Sentencing Guidelines were mandatory, and required a sentence of 30 years to life for these offenses. (Rogers' Mot. Sent. Reduction 2-4, ECF No. 516.) Applying those guidelines, and accounting for facts found by a preponderance of the evidence during sentencing, the Honorable Marvin J. Garbis of this Court sentenced Rogers to life in prison. (*Id.* 1–2.) Rogers is now 57 years old and has been in prison for over 35 years. (*Id.* at 1–2, 6.) Today, the Sentencing Guidelines are no longer mandatory, but advisory, and the longest sentence Rogers would face for the same offenses is 30 years. *See United States v. Booker*, 543 U.S. 220 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He has served well over this maximum.

Now pending is Rogers' Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 516), as well as several *pro se* motions for compassionate release

(ECF Nos. 512, 509, 505, 501), and a motion to appoint counsel (ECF No. 441.) In his Motion for Sentence Reduction, Rogers references the intervening changes in sentencing law, the severity of his sentence, his heightened susceptibility to COVID-19, and his sincere efforts at rehabilitation as grounds to reduce his original sentence to time served. (Rogers' Mot. 2.) The Government opposes this motion. (Government's Resp. Opp., ECF No. 528 *SEALED*). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, Rogers' Motion for Sentence Reduction (ECF No. 516) is GRANTED. His remaining motions are DENIED AS MOOT.

## BACKGROUND

On July 29, 1992, Rogers was charged with 10 other defendants in a fourteen-count indictment relating to a drug trafficking organization that was distributing narcotics in New York and Baltimore between September 1989 and July 1992. (Government's Resp. Opp. 1–2; Indictment, ECF No. 1; PSR ¶¶ 3–24, ECF Nos. 516-2, 518-1 *SEALED*.) As relevant, Count One charged Rogers with conspiracy to distribute a kilogram or more of heroin, in violation of 21 U.S.C. § 846; while Count Three alleged distribution and possession with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). (*See* Second Superseding Indictment, ECF No. 516-1.) On May 5, 1993, after a four-and-a-half-week jury trial before the Honorable Marvin J. Garbis,[1] Rogers was found guilty on both counts. (*See* Government's Resp. 4; Verdict Form.)

---

[1] Rogers' criminal case was initially assigned to Judge Marvin J. Garbis, who has since retired.

Although the jury did not find any quantity amounts beyond a reasonable doubt, the Court found by a preponderance of the evidence that at least 10 and 30 kilograms of heroin were attributable to Rogers, and accordingly assigned him a base offense level of 36 under U.S.S.G. § 2D1.1. (PSR ¶ 27.) This designation was enhanced to a final offense level of 42 based on Rogers' role as an organizer or leader of the conspiracy, and on obstruction of justice. (*Id.* ¶¶ 25, 29.) Rogers was assigned a criminal history score of V based on prior convictions for theft and drug-related offenses in 1984, 1985, and 1986. (*Id.* ¶¶ 36–41.) These considerations called for a sentence of between 360 months and life imprisonment under the then-mandatory Federal Sentencing Guidelines. (*Id.* ¶ 45.) On May 2, 1994, Judge Garbis sentenced Rogers to life imprisonment followed by a ten-year period of supervised release. (Statement of Reasons, ECF Nos. 516-4, 518-2 *SEALED*; J. and Commitment Order 3, ECF No. 516-5.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

## I. Administrative Exhaustion Requirements

Rogers has satisfied the preconditions to filing his Motion for Compassionate Release. On September 23, 2020, Rogers submitted an "Inmate Request to Staff Member," addressed to Warden J. C. Streeval, requesting his compassionate release. (Inmate Req. to Staff Member, ECF No. 516-6.) On September 29, 2020, this request was denied. (*Id.*) As 30 days have elapsed since Rogers' request was submitted to the warden, he has exhausted his administrative remedies, and his motion is properly before this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

## II. Extraordinary and Compelling Reasons

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment,

whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'"). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). According to medical records obtained from the Bureau of Prisons, Rogers "has a recent history of obesity and suffers from borderline hypertension, both of which increase his risk of severe illness should he contract COVID-19." (Rogers' Mot. 20; *see* BOP Medical R., ECF No. 516-25 *SEALED*). These medical issues support a finding that compelling reasons justify Rogers' compassionate release.

The severity of Rogers' sentence, and its unconstitutionality under modern sentencing law, are even more noteworthy. Courts have routinely found that dramatic changes in federal

5

sentencing law constitute extraordinary and compelling reasons to reduce a criminal sentence. *E.g.*, *United States v. Day*, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 979–81 (C.D. Cal. 2020); *United States v. Smith*, 379 F. Supp. 3d 543, 546 (W.D. Va. 2019) ("Congress, when drafting the First Step Act in 2018, surely did not intend for courts to disregard the years of Supreme Court federal sentencing jurisprudence."); *McCoy*, 981 F.3d at 285 ("[T]he severity of a [stacked] sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief."). Additionally, this Court has found that an egregious disparity in sentence between co-defendants may qualify for relief. *See United States v. Edwards*, No. PJM-05-179, 2021 WL 1575276, *2 (D. Md. Apr. 22, 2021).

Rogers' life sentence was imposed pursuant to then-mandatory Sentencing Guidelines, with an offense level calculated based on this Court's finding that the conspiracy had involved between 10 and 30 kilograms of heroin. (PSR ¶ 27.) This process of finding "sentencing facts" by a preponderance of the evidence has since been ruled a violation of the Sixth Amendment. *See generally Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Moreover, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory, but instead serve as "the starting point and the initial benchmark" for judges. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Kimbrough v. United States*, 552 U.S. 85, 101–02 (2007); *see also Rita v. United States*, 551 U.S. 338, 347–48 (2007). Excising the facts that were found during sentencing by a preponderance of the evidence, the maximum sentence Rogers could face for these offenses would be 30 years unless death or serious bodily injury resulted. *See* 21 U.S.C. §§ 841(b)(1)(C); 846. As Rogers'

life sentence would be unconstitutional today, this Court has no difficulty finding that extraordinary and compelling circumstances justify reducing his sentence.[2]

### III.    Danger to the Community

This Court is also satisfied that Rogers does not pose a danger to the community. To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Toward the nature and circumstances of the offense, the Government notes "the correlation between illegal drug trafficking and violent crime" and highlights the fact that Rogers was seen in possession of weapons during the conspiracy. (Government's Resp. 31–32.) Additionally, regarding Rogers' personal history and characteristics, the Government notes that Rogers has incurred multiple disciplinary infractions during his incarceration, including one incident in which he stabbed a fellow inmate in 1993. (*Id.* at 32–33.)

These instances are remote in time, and Rogers has made efforts to rehabilitate during the ensuing three decades. Fellow inmates have described him as "a model" for incarcerated persons "whom many young inmates can come to for sound advice," (R. Caraveo Letter, ECF No. 516-10), as well as "a man of solid character, who is goal-oriented and willing to sacrifice

---

[2] The Government responds by attempting to narrow *McCoy* to its facts, insisting that the discretion granted by *McCoy* "subverts the entire foundation for the well-grounded concept of the finality of sentencing," and may unleash an "avalanche of applications" for release. (Government's Resp. 19.) Whatever the merits of this argument, *McCoy* is binding law in this Circuit and will be followed here. The Government also contends that the facts of Rogers' post-incarceration disciplinary record, as well as his criminal history, militate against finding "extraordinary and compelling" circumstances. This argument is properly addressed under the 18 U.S.C. § 3142 factors governing danger to the community, and the 18 U.S.C. § 3582 factors governing release.

and atone, to set a lifetime of wrongs right." (F. Ali Letter, ECF No. 516-11.) According to his record with the Bureau of Prisons, Rogers has also been an active participant in educational and community programming. (Rogers' Mot. 15–17; *see* 2021 BOP Progress Report, ECF No. 516-9; 2020 BOP Progress Report, ECF No. 516-13.) Moreover, although Rogers has a number of negative marks on his disciplinary record, his behavior has improved in the last ten years: Rogers has only been involved in minor infractions since 2010, with his last citation for fighting in 2013, and prison officials noted in a 2020 report that "Rogers has not been a disciplinary problem." (Rogers' Mot. 12; *see* 2020 BOP Progress Report, BOP Disciplinary R., ECF No. 516-12.) Finally, his chances of recidivism seem low: He is now 57 years old and will reenter society with a robust support network[3] and plans for his future. (Rogers' Mot. 16–19.) Accordingly, this Court is comfortable that Rogers does not pose a danger to the community.

## IV.   Application of 18 U.S.C. § 3553(a)

Before imposing a reduction in sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable

---

[3] Rogers "plans to live with his mother, brother, and sister-in-law in a home they rent in Baltimore City." (Rogers' Mot. 18.) Regarding employment, he "will work with his brother at Underground Sportswear making T-shirts for churches, basketball leagues, and other groups," and "plans to obtain a small business loan to open a restaurant." (*Id.*). Rogers also has received letters of support from eleven family members and friends. (*Id.* at 16–19.)

8

guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. See *Bryant*, 2020 WL 2085471 at *4.

Although the Government observes that "the seriousness of the instant offense weighs against reducing [Rogers'] sentence," (Government's Resp. 31), all of the other factors weigh in favor of release. As discussed above, Rogers has made sincere attempts at reform over more than three decades in prison. (*See* Rogers' Mot. 13–16; Rogers' Repl. 6, ECF No. 530.) His "strong relationships with family and friends," alongside his concrete post-release plans, indicate that he will receive the rehabilitative services he needs to adapt. (Rogers' Mot. 16–19.) A time-served sentence resulting in approximately 35 years of incarceration is commensurate with Rogers' offenses, and in fact exceeds the statutory maximum of 30 years that would be authorized today under the facts that were found by the jury at trial. (Rogers' Mot. 6, 8, 21.) Finally, Rogers' co-defendants were all released years ago, and his release would ameliorate— rather than exacerbate—disparities among similarly situated offenders. As Judge Blake recently observed:

> Other judges in this district have similarly recognized the bluntness of mandatory life-sentences the district court was required to impose prior to Booker, and have reduced life sentences for defendants whose offenses included participation in drug-related killings or in drug conspiracies that involved murder reasonably foreseeable to them.

*United States v. Gray*, Crim. No. CCB-95-364, at 11 (D. Md. May. 10, 2021) (reducing life sentence to 31 years) (citing *United States v. Hill*, No. CR JKB-96-00399, 2020 WL 2089379, at *2 (D. Md. Apr. 30, 2020); *Carter v. United States*, No. CR ELH-00-0100, 2020 WL 1914766, at *9 (D. Md. Apr. 17, 2020); *United States v. Cheese*, No. CR ELH-98-259, 2020 WL 3618987, at

*10 (D. Md. July 2, 2020); *Brown v. United States*, No. CR ELH-00-0100, 2020 WL 1248950, at *10 (D. Md. Mar. 16, 2020)).

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 7th day of October, 2021, that Defendant James Rogers' Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 516) is GRANTED, and his remaining motions (ECF Nos. 441, 501, 505, 509, 512) are now DENIED AS MOOT. This order is subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant James Rogers' term of incarceration is reduced to time served, such that he is released from the custody of Bureau of Prisons as soon as the terms of this Order can be implemented;

2. An Amended Judgment & Commitment Order shall be prepared to reflect Defendant James Rogers' reduction in sentence;

3. The Warden of USP Pollock shall forthwith release from custody the person of the Defendant, James Rogers;

4. Defendant James Rogers shall be placed on supervised release status for a period of ten years, as required by the original Judgment and Commitment Order dated May 2, 1994;

5. Pretrial/Probation will review the conditions of release with Defendant James Rogers.

                                                    _____/s/_____
                                                    Richard D. Bennett
                                                    United States District Judge